# United States Court of Appeals
### For the Eighth Circuit

_____

No. 12-1371
_____

United States of America

*Plaintiff*

v.

Aaron Young

*Defendant*

_____

Appeal from United States District Court
for the District of South Dakota

_____

Submitted: October 15, 2012
Filed: November 7, 2012
[Unpublished]

_____

Before RILEY, Chief Judge, ARNOLD and GRUENDER, Circuit Judges.

_____

PER CURIAM.

After Aaron Young pleaded guilty to interstate domestic violence, *see* 18 U.S.C. § 2261(a)(2), the district court[1] sentenced him to 48 months in prison. Mr. Young appeals, arguing that his sentence is unreasonable. We affirm.

While Mr. Young and Tina Neal, his intimate partner, were traveling from the Rosebud Sioux Indian Reservation to South Dakota and back, they had an argument that became physical, and Mr. Young struck Ms. Neal multiple times over a period of several hours. At the sentencing hearing, the government introduced hospital records, photographs, and expert medical testimony to establish Ms. Neal's injuries. After determining that Mr. Young's Sentencing Guidelines range was 30 to 37 months, the court considered the factors set out in 18 U.S.C. § 3553(a). Noting the brutality of the crime and Mr. Young's criminal history, the court imposed an above-Guidelines sentence of 48 months in prison.

Mr. Young maintains that the court unreasonably imposed a sentence above the guidelines. We review the substantive reasonableness of a sentence under "a deferential abuse-of-discretion standard," irrespective of whether the sentence is "outside the Guidelines range." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (internal quotation marks and citations omitted). We first address Mr. Young's contention that his offense was not so brutal as to warrant an upward variance. The district court addressed "the nature and circumstances of the offense," *see* 18 U.S.C. § 3553(a)(1), remarking on its "cruelty" and "brutality." Based on the evidence, the court found that Ms. Neal's "extensive bruising" was not caused by "a couple of blows" but was "reflective of a beating that is both cruel and brutal" and that left Ms. Neal in "great fear." Deferring to the district court's privileged position to

---

[1]The Honorable Roberto A. Lange, United States District Judge for the District of South Dakota.

weigh the evidence and observe the witnesses' testimony, *see United States v. Burns*, 577 F.3d 887, 894-95 (8th Cir. 2009) (en banc), we see nothing to indicate that it abused its discretion.

We also reject Mr. Young's argument that the court unreasonably varied above the Guidelines by relying on his criminal history, when his prior crimes had already been accounted for by the Guidelines calculation. A district court has wide discretion to vary from a Guidelines sentence based on a defendant's criminal history, even if that history is used in calculating the sentencing range. *See United States v. Barrett*, 552 F.3d 724, 726 (8th Cir. 2009). The court weighed Mr. Young's "history and characteristics," as directed by § 3553(a)(1). It noted that he had difficulty controlling his behavior and had been in prison much of his adult life. The court also referred to Mr. Young's past conviction for participating with others in an assault in which the victim died, followed by his conviction for escape, and his assault on Ms. Neal only four months after his release from prison. We see nothing here to indicate an abuse of discretion.

Accordingly, we affirm the judgment of the district court.

_____